IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARYL BOUIE,

      Petitioner,                    No. CIV S-11-1417 EFB P

    vs.

R.H. TRIMBLE,

      Respondent.              ORDER AND
                                    FINDINGS AND RECOMMENDATIONS

_____/

      Petitioner, a state prisoner without counsel, has filed a petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254. Petitioner seeks leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a). Examination of the *in forma pauperis* affidavit reveals that petitioner is unable to afford the costs of suit. However, the court has reviewed the petition as required by Rule 4 of the Rules Governing Section 2254 Proceedings, and finds that the petition is second or successive and must therefore be dismissed.

      A petition is second or successive if it makes "claims contesting the same custody imposed by the same judgment of a state court" that the petitioner previously challenged, and on which the federal court issued a decision on the merits. *Burton v. Stewart*, 549 U.S. 147 (2007); *see also Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000). Before filing a second or successive petition in a district court, a petitioner must obtain from the appellate court "an order authorizing

the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Without an order from the appellate court, the district court is without jurisdiction to consider a second or successive petition. *See Burton*, 549 U.S. 147.

In the present action, petitioner challenges a judgment of conviction entered in the Solano County Superior Court on or around April 6, 2001, for first degree robbery and first degree burglary along with two sentencing enhancements, and for which petitioner was sentenced to a state prison term of 35 years to life. Pet. at 1; *see also id.* at Ex. A-22 (abstract of judgment dated May 3, 2001). The court has examined its records, and finds that petitioner challenged the same conviction in an earlier action, which was assigned case number Civ. S-07-1267-JAM-DAD. *See Bouie v. Sisto*, No. Civ. S-07-1267-JAM-DAD, Dckt. No. 1 (June 27, 2007 petition). The court dismissed the earlier filed petition as untimely, which constitutes a decision on the merits. *See Bouie v. Sisto*, No. Civ. S-07-1267-JAM-DAD, Dckt. No. 18 (magistrate judge's April 16, 2008 finding and recommendations recommending that the petition be dismissed with prejudice because it was filed beyond the one year statute of limitations); Dckt. No. 25 (district judge's October 2, 2008 order adopting findings and recommendations). *See also McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009) ("[D]ismissal of a habeas petition as untimely constitutes a disposition on the merits and [] a further petition challenging the same conviction [is] 'second or successive' for purposes of 28 U.S.C. § 2244(b)."); *Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005) (dismissal of habeas petition as time barred "constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)."). Since petitioner challenges the same judgment now that he previously challenged and which was adjudicated on the merits, the May 20, 2011 petition is second or successive. Petitioner offers no evidence that the appellate court has authorized this court to consider a second or successive petition. Since petitioner has not demonstrated that the appellate court has authorized this court to consider a second or successive petition, this action must be dismissed for lack of jurisdiction. *See Burton*, 549 U.S. 147;

1  *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam).

2  Accordingly, it is hereby ORDERED that petitioner's request for leave to proceed *in
3  forma pauperis* is granted and the Clerk of the Court randomly assign a United States District
4  Judge to this case.

5  Further, it is hereby RECOMMENDED that this action be dismissed for lack of
6  jurisdiction.

7  These findings and recommendations are submitted to the United States District Judge
8  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
9  after being served with these findings and recommendations, any party may file written
10  objections with the court and serve a copy on all parties.  Such a document should be captioned
11  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
12  within the specified time may waive the right to appeal the District Court's order. *Turner v.
13  Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In
14  his objections petitioner may address whether a certificate of appealability should issue in the
15  event he files an appeal of the judgment in this case.  *See* Rule 11, Federal Rules Governing
16  Section 2254 Cases (the district court must issue or deny a certificate of appealability when it
17  enters a final order adverse to the applicant).

18  Dated: May 31, 2011.

*[signature]*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE